# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR416-085 |
| | ) | |
| JEREMY JAMES | ) | |

## REPORT AND RECOMMENDATION

Indicted on drug and gun charges, doc. 3, Jeremy James moves to suppress the evidence against him. Doc. 23. He contends that the police seized and searched him without probable cause. Doc. 23.

## I. BACKGROUND

During a 2009 state criminal proceeding in which James pled guilty to drug and other charges, doc. 34 at 11-16, he gave up his Fourth Amendment rights as a probation condition. *Id.* at 13. He then re-offended. By January 15, 2016, three warrants authorized the police to arrest him. *Id.* at 1-4. Samuel Hunt, a Savannah-Metro P.D. detective, led a police team into a Savannah subdivision that day, searching for suspects like James. Doc. 32 at 16-17. Before that operation began,

Hunt was aware of a "felony probation violation warrant" for James. *Id.* at 18, 23; *see also* doc. 34 at 1 (the warrant).

Hunt also knew -- from police investigation, surveillance and the content of James' Facebook page -- what James looked like and that he was a mid-level drug dealer. Plus, he knew what kind of car James was driving and that it had been parked multiple times at a specific residential address. Doc. 32 at 19-20, 23. The rest of the facts in this case are undisputed. As the Court summarized during the suppression hearing that it held, the police spotted James in his car, in the targeted subdivision. They then

> followed him to his residence . . . and when the agents -- he drove at a high rate of speed. When the agents pulled -- when he pulls into the driveway and sees the agents, he immediately exits his vehicle, flees on foot, and in the course of that flight discards a bag that is later determined to have a digital scale, marijuana and other evidence of drug trafficking, that at that time there was a Fourth Amendment waiver based upon his status as a probationer; and proceeding upon that waiver the officers not only -- not only did they arrest him for drug possession and distribution charges, but they proceeded to go into his home and conduct a warrantless search on the strength of the Fourth Amendment waiver and find certain evidence inside the home.

Doc. 35 at 4-5 (footnote added).

## II. ANALYSIS

2

James contends that his arrest was without probable cause and that the subsequent search of his residence violated his Fourth Amendment rights. *Id.* at 3.[1] Significantly, his suppression motion *acknowledges* the arrest warrants:

> In initial discovery provided by the Government, Savannah-Chatham Metro Police Department (hereinafter "SCMPD") Officer #5086 noted in a report that they determined that a green Chevrolet Suburban bearing SC tag #GLA448 they were following belonged to Jeremy James and that he was the driver of the vehicle, and that "he was known to have a *'felony Probation Violation warrant as well as misdemeanor warrants*".
>
> * * *
>
> Officer #00626 reported that the Defendant had active felony arrest warrants and that they saw the suspect was seen exiting the vehicle with a white grocery bag, because they were "directly behind him" and observed the suspect discard the bag under a landscaping trailer located behind the residence.

Doc. 23 at 2 (emphasis added). He never disputes the existence of the outstanding arrest warrants.

The felony probation-violation arrest warrant alone was all the police needed to arrest James *at any time*, so his warrantless seizure

---

[1] He raises just one issue: "Whether the *warrantless* seizure of Defendant's person without sufficient probable cause and subsequent search of the residence where the Government clams derivative items allegedly attributable to him violated the Fourth Amendment." Doc. 23 at 3. He advances just one legal contention: "The arrest of Defendant without sufficient probable cause violated the Fourth Amendment." *Id.*

3

argument is simply *frivolous*. *Franks v. Delaware*, 438 U.S. 154, 165 (1978) (recounting what constitutes compliance with the Fourth Amendment's Warrant Clause -- namely, an arrest *warrant*); *see also Utah v. Strieff*, ___ U.S. ___, 136 S. Ct. 2056, 2063 (2016) ("The outstanding arrest warrant for Strieff's arrest is a critical intervening circumstance that is wholly independent of the illegal stop. The discovery of that warrant broke the causal chain between the unconstitutional stop and the discovery of evidence by compelling Officer Fackrell to arrest Strieff."); *United States v. Bohannon*, ___ F.3d ___, 2016 WL 3067993 at * 6 (2d Cir. May 31, 2016) ("[T]he subject of a valid arrest warrant cannot complain that his Fourth Amendment right to be free from an unreasonable seizure was violated by apprehension in a third party's home, entry to which was not authorized by a search warrant. The arrest-warrant subject has no greater privacy rights in such circumstances than he would have had if the arrest had been made in his own home.").

James alludes to the search of his residence without squarely presenting it as an issue here. Doc. 23 at 5. It is thus waived. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir.

1989) (finding that an issue was waived where the appellant "elaborate[d] no arguments on the merits as to this issue in its initial . . . brief"); *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 324 (5th Cir. 1977) (mere mention in brief on appeal that district court was in error, absent any specific argument as to how the court was in error, was insufficient to present the matter for adjudication on appeal).

Even if not waived, any unconstitutional search argument fails on the merits. Years before the events unfolded here, James waived his Fourth Amendment rights as a probation condition: "The Defendant freely and voluntarily agrees to waive *any* rights to be free from unreasonable searches and seizures *and* to submit to a search of his/her person, houses, papers, vehicles and/or effects . . . any time of the day or night, with or without a search warrant or probable cause . . . ." Gov't ex. 6 at 9; doc. 34 at 5 (emphasis added)). James, who raises no voluntariness challenge to that waiver, *United States v. Yeary*, 740 F.3d 569, 581 (11th Cir. 2014); *United States v. Sledge*, 2016 WL 3024149 at * 3 (S.D. Ala. May 25, 2016), executed that waiver after the Supreme Court clarified that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Samson v.*

*California*, 547 U.S. 843, 857 (2006), cited in *United States v. Brown*, 2011 WL 344083 (N.D. Ga. Jan. 3, 2011); *see also United States v. Green*, 2016 WL 3610331 at * 8 (W.D.N.Y. July 6, 2016) ("A search with no suspicion will be upheld if conducted under a regulatory scheme[2] that is structured to provide intense supervision and that establishes unambiguous awareness of and consent to suspicionless searches.") (citing *Samson*, 547 U.S. at 852-53) (footnote added).

The *Samson* Court addressed a parole condition that authorized the search of a *parolee* "with or without a search warrant and with or without cause," a condition that could "so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." *Samson*, 547 U.S. at 846-47. In light of that broad provision, which is equatable to James' waiver clause, the Court held

---

[2] Georgia has one. *See Whitfield v. State*, ___ Ga. App. ___, 2016 WL 2905826 at * 3 (May 19, 2016) (warrantless search of defendant's residence was supported by reasonable suspicion that he was in violation of his probation for sale of illegal drugs, etc.; although he had a negative drug screen in the month of the search, his probation officer found defendant's reports just days before the search that he had been self-testing and counting the days since he last used drugs to be "red flags" indicating that he was trying to avoid detection of his drug use). In contrast to James' waiver, Whitfield's waiver was not wide-open but in fact conditioned upon law enforcement having "reasonable cause to believe that [he] is in violation of probation or otherwise acting in violation of the law." *Whitfield*, 2016 WL 2905826 at * 1.

that a suspicionless search of parolee Samson was reasonable under the Fourth Amendment. *Id.*

The Eleventh Circuit recently addressed the question of whether the suspicionless search of a *probationer's* residence, based on a probation condition that expressly allowed such a search, comported with the reasonableness requirement of the Fourth Amendment. *United States v. Williams*, 2016 WL 3055834 (11th Cir. May 31, 2016). Relying on Ninth and Sixth Circuit authorities,[3] the court upheld the suspicionless search in that case as constitutional.

It is not necessary to decide if *Williams'* rationale should be applied here (*i.e.*, that law enforcement was free to undertake a warrantless, suspicionless search of James' dwelling place) because he does not dispute the government's factual assertions showing that it had *probable cause*, not just reasonable suspicion, to conduct that search:

> As the facts have shown in this case, the police had more than reasonable suspicion to believe that the Defendant was engaged in criminal activity and to search his residence. The Defendant had just been arrested on 3 outstanding warrants, he was found in

---

[3] *United States v. King*, 736 F.3d 805, 810 (9th Cir. 2013) (upholding suspicionless search of the residence of a probationer who had accepted a suspicionless-search condition as part of his probation agreement); *United States v. Tessier*, 814 F.3d 432, 435 (6th Cir. 2016) (same).

[possession] of a bag with 33 bags of marijuana packaged for individual sale, US currency, and a digital scale; furthermore, he fled when the police attempted to stop him and the police knew from a confidential source that Jeremy James was a known mid-level drug dealer.

Doc. 26 at 7. The Court agrees with the Government:

> All of these facts illustrate that the defendant was more than likely participating in drug trafficking crimes, and provided a reasonable suspicion for the officers to search his residence. Clearly in this case, the officers had more than reasonable suspicion to conclude that the defendant was engaged in unlawful activity and to also conclude that evidence of a crime would be found inside of his home at 905 Hancock Street, and therefore their search was reasonable and lawful.

Doc. 26 at 7.

## IV. CONCLUSION

Jeremy James' motion to suppress (doc. 23) is utterly without merit and therefore should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  21st  day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA